# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D22-1029
LT Case No. 05-2020-CA-012922

_____

NEIGHBORHOOD RESTAURANT
PARTNERS FLORIDA, LLC,

 Appellant,

 v.

KIRK B. WOLFF, as PERSONAL
REPRESENTATIVE of the ESTATE
of PETER WOLFF,

 Appellee.

_____

On appeal from the Circuit Court for Brevard County.
George Paulk, Judge.

G. Jeffrey Vernis and Isam J. Alsafeer, of Vernis & Bowling of
Melbourne, P.A., Melbourne, for Appellant.

Brian J. Lee, of Morgan & Morgan, Jacksonville, for Appellee.

March 1, 2024

EDWARDS, C.J.

Appellant/Defendant, Neighborhood Restaurant Partners Florida, LLC, appeals the trial court's order granting new trial.[1] This case involved a slip and fall accident in one of Appellant's restaurants. During closing argument, Appellant's counsel, G. Jeffrey Vernis, made a clearly improper statement that the trial court determined: (1) was not true, (2) violated the court's prior order, (3) was highly prejudicial, (4) highly inflammatory, (5) not curable by the curative instruction given by the trial court, and (6) deprived Appellee/Plaintiff, Peter Wolff, of a fair trial.[2]

The defense verdict rendered by the jury was set aside and a new trial ordered as to all issues. Based on our review of the record on appeal, we agree with the trial court's findings and its description of Appellant's counsel's statement in closing argument.[3] Furthermore, we find the remedy of a new trial on all issues to be appropriate under the circumstances. We affirm.

The misconduct of Appellant's counsel has resulted in unnecessary expense to his client and to Appellee, a waste of judicial resources, and inconvenience to the jurors who took four days out of their lives listening to evidence and rendering a verdict, given that the case must be retried before a new jury. Such conduct cannot be condoned; accordingly, we direct the Clerk of our Court to forward a copy of this opinion, a copy of the trial court's order granting new trial, and copies of the parties' briefs to the Florida Bar, which can determine what further action is appropriate.

---

[1] Appellant raised other issues on appeal, which we affirm without need for discussion.

[2] Appellee's trial counsel made a timely, contemporaneous objection followed by a motion for mistrial. After a side bar discussion, the court advised counsel that it would take the matter under advisement. Written submissions were made by the parties and a hearing was held, which led to the detailed new trial order.

[3] On the first day of trial, the court directly and specifically cautioned Appellant's counsel to refrain from making statements such as the one he made in closing argument.

AFFIRMED.


KILBANE, J., concurs.
MAKAR, J., concurring in large part with opinion.

———————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————

MAKAR, J., concurring in large part.

Affirmance is warranted. The trial judge issued a clear pre-trial order, saw it violated firsthand, and made supportable findings as to the mega-blunder of defendant's experienced trial counsel. The grant of a new trial was proper. At oral argument on appeal, trial counsel could have argued that he had a bad day in closing argument and shouldn't have said what he did; he could have expressed regret and admitted it was a mistake but not so bad as to warrant a new trial. He insisted to the contrary, however, and ran into an avoidable buzz saw rather than concede what was apparent. As such, I fully concur but have hesitation in referring the matter to The Florida Bar. Trial counsel had a bad day in closing (and a not so good day at oral argument in this court) but not so bad as to warrant bar referral absent more. The opinions in this case, which are less than flattering about trial counsel's conduct, serve as adequate comeuppance.